FILED
2007 Apr-09 AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DAVID HALLMARK,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.** |
| ] | **2:06-CV-305-VEH** |
| **DALLAS MANUFACTURING** ] | |
| **COMPANY, INC.,** ] | |
| ] | |
| **Defendant.** ] | |

## **MEMORANDUM OPINION**

### I.   INTRODUCTION

Plaintiff David Hallmark ("Hallmark") originally filed this case in the Circuit Court of Jefferson County on January 13, 2006.  (Doc. #1 at Compl.).  Defendant Dallas Manufacturing Company, Inc. ("Dallas") removed the litigation to this court on February 13, 2006.  (Doc. #1).  Hallmark's claims include Count One under the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD"), Count Two for breach of warranty, and Count Three for negligence and wantonness.  (*See generally* Doc. #1 at Compl.).  Pending before the court is Dallas's Motion for Summary Judgment (Doc. #12) filed on February 28, 2007.

This products liability case arises out of Hallmark's use of a boat cover on

January 14, 2004, that was manufactured by Dallas, and allegedly caused Hallmark an eye injury. (Doc. #1 at Compl. ¶ 1). Upon consideration of the record and the relevant law, the court concludes that Dallas's Motion for Summary Judgment is due to be granted, and that Hallmark's complaint is due to be dismissed with prejudice.

## II.   ANALYSIS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a)-(b).

Rule 56(e) of the Federal Rules of Civil Procedure provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, although a court may not a grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are not disputed issues of material fact and that she is entitled to judgment as a matter of law.

More specifically regarding a nonmovant's failure to oppose summary judgment, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam)). While this court is not required to examine every item of evidence before it when considering a motion for summary judgment, it must make certain that the motion is "supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

At the very least, this court must consider all the evidence submitted by the movant in support of its motion. *Id.* (citing *Jeroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) (". . . the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.")). The movant must demonstrate an absence of a genuine issue of material fact; if the movant fails to meet his burden, this court may deny the motion,

3

without regard to whether the nonmovant has filed a response. *Hibernia Nat'l Bank*, 776 F.3d at 1279 (citing *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985)). However, if the nonmovant has not supplied the court with a response to dispute any issue of fact, this court may receive the movant's factual account as "a prima facie showing of its entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (citing *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Celotex*, 477 U.S. 317(1986)).

### A.  Procedurally, Hallmark has failed to respond to Dallas's Motion for Summary Judgment.

Applying the above standards to this case, the court concludes that Dallas has demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Hallmark has not come forward with any evidence in response to Dallas's initial showing on summary judgment. Moreover, pursuant to the court's Uniform Initial Order (Doc. #4) entered on February 21, 2006, the deadline for Hallmark to file his written opposition to summary judgment was March 21, 2007. (*See* Doc. #4 at Appendix II at 1 ("The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed.")).

Moreover, Hallmark has not sought relief to extend his deadline to respond to summary judgment. Therefore, from a procedural standpoint, Hallmark has failed to meet his burden on opposition "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324.

**B.  Substantively, Dallas's Motion for Summary Judgment is well-founded and due to be granted.**

Additionally, the evidentiary record demonstrates that summary judgment in favor of Dallas is appropriate. More specifically, no material issues of disputed fact exist which would suggest that the injuries of Hallmark were caused by a breach of warranty by or by the negligence or wantonness of Dallas. Similarly, no material issues of disputed fact exist as to Dallas's liability under the AEMLD. Rather, the undisputed evidence demonstrates that Dallas did not breach any warranty of merchantability or duty of care owed to Hallmark as to either the AEMLD or based upon common-law negligence or wantonness.

Alternatively, Dallas is entitled to summary judgment on the AEMLD claim because Hallmark relies solely upon the occurrence of an accident to support it. "Mere proof of an accident with ensuing injuries is insufficient to establish AEMLD fault because 'the plaintiff must affirmatively show that the product was sold with a

defect or in a defective condition." *Chase v. Kawasaki Motors Corp.*, U.S.A., 140 F. Supp. 2d 1280, 1286 (M.D. Ala. 2001)(citing *Jordan v. General Motors Corp.*, 581 So. 2d 835, 836-37 (Ala. 1991)).

Similarly, Hallmark's warranty claim fails because he has not presented sufficient evidence that the boat cover "was not reasonably fit for the use for which it was intended" or otherwise operated improperly. See, e.g., *Rose v. Gen. Motors Corp.*, 323 F. Supp. 2d 1244, 1248-49 (N.D. Ala. 2004) (dismissing breach of warranty claim upon failure of sufficient proof).

Finally, summary judgment as to Hallmark's negligence and wantonness claim is appropriate because he has failed to show any causal connection between his injury and Dallas and admits that he has no knowledge of how it happened. "[A] court should grant summary judgment only when 'there is a total lack of evidence from which the factfinder may reasonably infer a direct causal relation between the culpable conduct and the resulting injury.'" *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1233 (M.D. Ala. 2000) (quoting *Davidson v. Mobile Infirmary*, 456 So. 2d 14, 24 (Ala. 1984)). Therefore, Dallas has shown it is entitled to judgment as a matter of law on all of Hallmark's claims.

### III. CONCLUSION

Accordingly, Dallas's Motion for Summary Judgment is due to be granted, and

Hallmark's complaint is due to be dismissed with prejudice. The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this the 9th day of April, 2007.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge